

73 Fifth Avenue, Suite 2A
New York, NY 10003
718.858.0917 (o) | 917.591.2890 (f)



October 1, 2018

**_Via ECF_**
Hon. Joseph F. Bianco
U.S. District Judge
U.S. District Court (E.D.N.Y.)
100 Federal Plaza
Central Islip, NY 11722

      Re:    ***Samii v. GoSimpleGroup LLC, et al.***
             **Case No.: 18-cv-03404 (JFB)(AKT)**

Your Honor:

      This letter is being filed on behalf of all parties with respect to the above-captioned matter. In short, the parties are submitting this letter pursuant to so much of the decision in *Cheeks v. Freeport Pancake House*, 796 F.3d 199, 206 (2d Cir. 2015), which mandates, in relevant part, that "dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." *Id.*, at 206. Accordingly, the parties ultimately seek judicial approval of the settlement agreement entered into as fair and reasonable, in accordance with *Cheeks*.

      The parties have memorialized and executed a settlement agreement, as well as a Stipulation of Dismissal, which will discontinue the above-captioned case, with prejudice, in exchange for a payment by Defendants to the plaintiff Vahid Samii ("Plaintiff") in the amount of $17,900.00 in full satisfaction of all claims raised in this action (and in accordance with the terms of said agreement).

### *Factual and Legal Disputes Among the Parties*

      It is submitted that there are a number of factual and legal disputes between the parties which could ultimately impact Plaintiff being able to be successful if this case were to proceed to dispositive motion practice or to trial.

      First and foremost, there exists a factual issue involving whether or not Plaintiff was an employee of Defendants, or rather, whether he was an independent contractor. Plaintiff has alleged that he was an employee of Defendants, whereas Defendants have maintained that Plaintiff was, in fact, an independent contractor. Generally speaking, the U.S. Court of Appeals for the Second Circuit has adopted an "economic realities" test to determine whether an individual is an employee or an independent contractor for FLSA purposes. The factors considered include:

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

*Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-59 (2d Cir. 1988).

Notably, no factor is dispositive and the test is based on the "totality of the circumstances," with the ultimate question being whether the "workers depend upon someone else's business for the opportunity to render service or are in business for themselves." *Brock*, 840 F.2d at 1059. "The application of the economic realities test is inherently case-specific, turning on the totality of the relevant circumstances." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 912 (S.D.N.Y. 2013).

Here, there is a significant disagreement about the facts associated with Plaintiff performing work for Defendants when viewed through the lens of the economic realities test, and significantly, whether Plaintiff depended on someone else's business for the opportunity to render services, or rather, whether he was in business for himself. Furthermore, there is an unresolved question as to whether Defendants exerted control over Plaintiff's behavior as well as what say Defendants had as to how Plaintiff conducted himself while performing services at Defendants' workplace and the schedule and hours he maintained. Additionally, Defendants maintain that there exist other factors that weigh in favor of Plaintiff's classification as an independent contractor, including, but not limited to, that Plaintiff did not receive training, was permitted to work at competing establishments or engage in other work, did not attend staff meetings, did not have work assignments and at certain points did not receive fringe benefits from Defendants. Disagreement as to the above weighs in favor of settlement at this stage.

Second, an issue disputed by the parties involves the willfulness of any alleged violations of the applicable wage & hour laws (i.e., those under the FLSA and NYLL). *See Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983) ("[e]mployers wilfully violate FLSA when (1) they know that their business is subject to FLSA and (2) their practices do not conform to FLSA requirements."). "To establish 'good faith,' a defendant must produce 'plain and substantial evidence of at least an honest intention to ascertain what the [FLSA] requires and to comply with it." *Reich v. S. New Eng. Telecoms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). At this early stage, based upon facts discussed between the parties, Defendants contend that Plaintiff was consistently paid in conformance with the parties' understanding of their relationship. In other words, Defendants would seek to prove that they paid Plaintiff all money owed for the services Plaintiff performed, that the business relationship and the compensation Plaintiff received was agreed upon by the parties, and that any and all hours/services for which Plaintiff alleges to have not received payment (whether it be for alleged wages, unpaid commissions, or via a deduction), was all done in good faith and under the auspices that they were following the FLSA, NYLL, and corresponding regulations. Plaintiff, on the other hand, would be intending to prove that any alleged violations were indeed willful and that any purported intention to comply with the wage & hour laws was not done pursuant to the letter or spirit of the FLSA and NYLL. This

disagreement by the parties further favors settlement at this stage.

### *Certain Terms of the Settlement Agreement*

The parties are cognizant of certain requirements of settlement agreements which purport to settle wage & hour claims under the FLSA and NYLL in light of the Second Circuit's decision in *Cheeks*, as well as the view taken by numerous District judges within this Circuit. S*ee, e.g., Lopez v. Nights of Cabiria, LLC*, 14-cv-1274(LAK), 2015 U.S. Dist. LEXIS 42554 (S.D.N.Y. Mar. 30, 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012).

At present, the parties have executed a settlement agreement as well as a Stipulation of Dismissal (attached hereto as Exhibits 1, and 2, respectively). First and foremost, the parties have agreed that the settlement amount will not be confidential and the total settlement amount (as well as the amount Plaintiff would ultimately recover himself) would be filed via ECF (which has been done here). *See Lopez*, 2015 U.S. Dist. LEXIS, at *14. Furthermore, the settlement agreement contains provisions which prohibit Plaintiff from making remarks (either written or verbal) which are defamatory or disparaging about Defendants, however, the settlement agreement does not contain any provisions which would bar Plaintiff from "openly discussing his experiences litigating this wage-and-hour case." *Id.*, at *16; *See Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592 (LAK), 2015 U.S. Dist. LEXIS 2658, at *3 (S.D.N.Y. Jan. 9, 2015). This non-inclusion seeks to accomplish the "external fairness" that courts have addressed in rejecting such a confidentiality provision. *Lopez*, 2015 U.S. Dist. LEXIS at *17.

Also, courts have mandated that parties disclose the amount in attorneys' fees, as well as whether an amount of the settlement is delegated to liquidated damages. *See, e.g., Lopez*; *Wolinsky*. Here, the parties have agreed to the following break-down as to ultimate payment of the settlement amount:

- Alleged unpaid commissions, improper deduction(s), attendant liquidated damages and interest: $17,900.00

In addressing the amount agreed to with respect to these amounts owed, Plaintiff's counsel and Defendants' counsel negotiated and compromised on the amount of $17,000.00 for payment of alleged unpaid commissions, unlawful deductions, and attendant liquidated damages and interest associated therewith. As the Court is probably aware, Plaintiff pleaded in the filed Complaint that he was owed $13,400.00 in alleged unpaid commissions (ECF #1, ¶¶25-30), as well as $1,600.00 for an alleged deduction taken unlawfully (ECF #1, ¶¶31-32). This totals to $15,000.00. Plaintiff submits the settlement figure of $17,900.00 embodies a negotiation as to this $15,000.00, along with funds comprising liquidated damages and interest.

As for liquidated damages in general, Plaintiff submits that liquidated damages are proper for proven violations of the NYLL. *See* NYLL § 198(1-a). Further, any detailed demarcation between what amounts are attributed to alleged unpaid commissions/ deductions and liquidated damages/interest is unnecessary as both are subject to the same tax treatment (i.e., subject to IRS Form 1099 treatment). Lastly, the parties posit that Plaintiff ultimately receiving $17,900.00 is

fair and reasonable given that Plaintiff is recovering (at least) one hundred percent of his alleged economic damages as pleaded in the filed Complaint (at ECF #1).

The parties next turn to so much of the executed settlement agreement which provides for a mutual general release (i.e., section four). Some courts scrutinizing settlement agreements for claims brought under the FLSA have refused to approve settlements with broad releases of claims by only one party, concluding that they conflict with the FLSA's remedial purposes. *See, e.g., Camacho v. Ess-a-Bagel, Inc.*, 14-cv-2592 (LAK), 2014 U.S. Dist. LEXIS 171649, at *4 (S.D.N.Y. Dec. 11, 2014) (rejecting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"); *Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-cv-1321, 2015 U.S. Dist. LEXIS 117179, at *1 (S.D.N.Y. Aug. 17, 2015) ("The Agreement here contains a general release that is far too sweeping to be fair and reasonable."). However, "there is nothing inherently unfair about a [mutual] release of claims in an FLSA settlement." *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 U.S. Dist. LEXIS 12871, at *4 (S.D.N.Y. Feb. 3, 2016). In ultimately approving a settlement agreement containing mutual general releases, the Court in *Lola* (Sullivan, J.) reasoned that "the releases of claims in the Settlement are mutual, binding both Plaintiffs and Defendants." *Id.*, at *5. Further, at least one court has explicitly stated that a mutual release of claims is acceptable in an FLSA settlement because it "will ensure that both the employee[ ] and the employer are walking away from their relationship up to that point in time without the potential for any further disputes." *Souza v. 65 St. Marks Bistro*, No. 15-cv-327 (JLC), 2015 U.S. Dist. LEXIS 151144, at *5 (S.D.N.Y. Nov. 6, 2015). Accordingly, a mutual general release is appropriate and permissible, especially in light of this agreement being an arm's-length bargaining between experienced counsel on behalf of the parties. *See Wolinsky*, 900 F. Supp. 2d, at 335.

As for an inquiry by the Court regarding attorneys' fees, "[w]here a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d, at 336. Here, the Agreement is silent as to attorneys' fees as Mr. Wolnowski is representing Plaintiff pro bono and is not recovering any attorneys' fees for services performed.

### *Conclusion*

In light of the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL in light of *Cheeks*. Accordingly, the parties respectfully request the Court to approve the settlement agreement entered into between the parties and so-order the executed Stipulation of Dismissal and dismiss this action with prejudice.

The parties thank the Court for its attention to this matter.

Respectfully submitted,

**Law Office of Robin E. Gross**

_____
Casimir Wolnowski, Esq., of counsel
*Attorney for Plaintiff*
73 5th Avenue, Suite 2A
New York, NY 10003
Tel: (718) 858-0917
Fax: (917) 591-2890
Email: casey@cjwfirm.com


**Douglas J. Bilotti**

_____
Douglas J. Bilotti, Esq.
*Attorney for Defendants*
6 Holly Lane
St. James, NY 11780
Ph: (631) 371-6520
Email: dbilotti1@gmail.com